Filed 12/8/23  P. v. Zaragoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097573 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRCNV19990014142 & 076824A ) |
| v. | |
| LOUIS RANGEL ZARAGOZA, | |
| Defendant and Appellant. | |

Here we affirm the trial court's post judgment order denying the resentencing petition of defendant Louis Rangel Zaragoza.  The jury's finding that defendant intentionally fired the gun proximately causing the murder victim's death implicitly included a determination that defendant was the actual killer.

"In February 2001, a San Joaquin County jury found defendant Louis Rangel Zaragoza guilty of the 1999 first degree murder of David Gaines and the robbery of

William Gaines.  (Pen. Code, §§ 187, 189.)[1]  The jury found true the robbery-murder and lying-in-wait special circumstances—making defendant eligible for the death penalty (§ 190.2, subd. (a)(15), (17)(A))—and also concluded that defendant personally used a handgun and caused a death in the commission of the murder and robbery.  (Former §§ 12022.5, subd. (a), 12022.53, subd. (d).)  Following the penalty phase trial, the jury returned a verdict of death." (*People v. Zaragoza* (2016) 1 Cal.5th 21, 24.)  In 2016, the California Supreme Court reversed the death verdict due to an "error in the death-qualification of the jury, but otherwise affirm[ed]" the judgment. *(Id.* at p. 25.)  At the resentencing, the trial court sentenced defendant to 25 years to life in prison plus life without the possibility of parole.

In 2020, defendant filed a petition for resentencing under former section 1170.95 (now section 1172.6).[2]  The trial court denied defendant's petition, because the jury's section 12022.53, subdivision (d) determination meant the jury had found defendant was the actual killer.

Defendant timely appeals, contending the trial court erred in denying his petition at the prima facie stage.  Specifically, he contends the trial court engaged in impermissible factfinding by considering the facts in the California Supreme Court's opinion and relying on jury findings such as lying in wait that do not conclusively demonstrate he was ineligible for relief.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we cite to current section 1172.6 throughout this opinion.

**DISCUSSION**

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188 that defines malice provides: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left intact implied malice murder for direct aiders and abettors. (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839, 846-848, 850.)

"Senate Bill 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] [s]ection 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.) The unavailability of section 1172.6 relief to actual killers has been uniformly upheld by courts of this state. (*Strong*, at p. 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *People v. Harden* (2022) 81 Cal.App.5th 45, 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted March 18, 2020, S260410 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *People v. Lewis* (2021) 11 Cal.5th 952, 961-962.)

Here, the jury determined that in the commission of the murder, "defendant intentionally and personally discharge[d]" a gun causing the death of the murder victim (§ 12022.53, subd. (d)). Defendant argues this finding should not preclude his petition

3

for relief because the jury instruction concerning this enhancement does not require either a finding of express or implied malice. As such, he reasons it is still possible that the jury utilized either felony murder or aiding and abetting under the natural and probable consequences doctrine to convict him of murder, thus entitling him to an evidentiary hearing. (See CALJIC No. 17.19.5; *People v. Offley* (2020) 48 Cal.App.5th 588, 597-598 [true finding on § 12022.53, subd. (d) enhancement does not require either "an intent to kill" or "conscious disregard" for human life and as such does not establish as a matter of law that a defendant acted with malice aforethought for purposes of murder].) He is wrong.

Prior to the amendments of Senate Bill 1437, the natural and probable consequence doctrine was utilized for accomplice liability for both the crime that an individual intended to aid and abet, as well as "any other offense committed that [was] the natural and probable consequence of the aided and abetted crime." (*People v. Gentile*, *supra*, 10 Cal.5th at p. 838.) Thus, it was a theory that could be utilized to extend liability for a victim's murder beyond the actual killer, to individuals who aided and abetted target offenses the natural and probable consequence of which was murder. (*Id.* at p. 839; *People v. Offley*, *supra*, 48 Cal.App.5th at p. 595.)

Here, jury was instructed on the natural and probable consequences doctrine as part of the instructions for second degree murder. However, the jury determined defendant committed first degree murder. (*People v. Zaragoza*, *supra*, 1 Cal.5th at p. 24.) Thus, the jury's verdict shows it did not utilize the natural and probable consequences doctrine to convict defendant of murder.

Consistent with this, the jury's finding that defendant intentionally fired the gun proximately causing the murder victim's death implicitly included a determination that

4

defendant was the actual killer.[3]  (See *People v. Cornelius*, *supra*, 44 Cal.App.5th at p. 58, abrogated on another point in *People v. Lewis*, *supra*, 11 Cal.5th at pp. 961-962.) As such, the jury did not use the natural and probable consequences theory to run murder liability from a third party to defendant.  Rather, the jury determined defendant was the killer, and thus, guilty of first degree murder  as the actual perpetrator.  Here, the jury was instructed on three first degree murder theories: (1) premeditated, willful, and deliberate murder; (2) lying-in-wait murder; and (3) felony murder.  Nothing in Senate Bill 1437 altered these theories for actual killers.  (See, e.g., *People v. Curiel* (Nov. 27, 2023, S272238) __ Cal.5th __ [2023 Cal. Lexis 6622] [explaining the changes Senate Bill 1437 made to "the substantive law of murder"]; *Cornelius*, at p. 58 [actual killer convicted of second degree murder ineligible for relief]; *Strong*, *supra*, 13 Cal.5th at p. 708 ["Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' . . . and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' "].)  Accordingly, the changes to sections 188 and 189 do not compromise the jury's first degree murder verdict, and defendant is ineligible for relief as a matter of law.

In light of this conclusion, we do not reach defendant's argument concerning the jury's lying-in-wait finding and find any error harmless in the trial court's reliance on facts in the California Supreme Court's opinion.  (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1104.)

---

[3] The jury instructions for this enhancement explained, "The term 'intentionally and personally discharged a firearm,' as used in this instruction, means that the defendant *himself* must have intentionally discharged it."  (Italics added.)  Thus, there is no question the jury determined defendant himself intentionally fired the fatal shot.

## DISPOSITION

The trial court's post judgment order denying defendant's resentencing petition is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
RENNER, J.